IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DORIS D.,[1]                                        6:20-cv-01327-BR

        Plaintiff,                          OPINION AND ORDER

v.

Commissioner, Social
Security Administration,

        Defendant.

**ARI D. HALPERN**
Halpern Law Group, PC
62910 OB Riley Rd
Suite 100
Bend, OR 97703
(541) 388-8410

        Attorneys for Plaintiff

**SCOTT ASPAUGH**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

        [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LARS J. NELSON**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3717

       Attorneys for Defendant

**BROWN, Senior Judge.**

       Plaintiff Doris D. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

       For the reasons that follow, the Court **REVERSES** the Commissioner's decision and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

<u>**ADMINISTRATIVE HISTORY**</u>

       Plaintiff filed an application for DIB on August 18, 2017, alleging a disability onset date of January 1, 2014.  Tr. 185.[1] The application was denied initially and on reconsideration.  On July 1, 2019, Plaintiff amended her alleged onset date to

---

[1] Citations to the official transcript of record filed by the Commissioner on February 17, 2021, are referred to as "Tr."

2 - OPINION AND ORDER

August 11, 2014.  Tr. 210.  An Administrative Law Judge (ALJ) held a hearing on July 15, 2019.  Tr. 33-81.  Plaintiff was represented at the hearing.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on July 25, 2019, in which he found Plaintiff was not disabled before her March 31, 2019, date last insured and, therefore, is not entitled to benefits. Tr. 14-26.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on June 10, 2020, when the Appeals Council denied Plaintiff's request for review. Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

**BACKGROUND**

Plaintiff was born on April 21, 1954, and was 65 years old at the time of the hearing.  Tr. 185.  Plaintiff graduated from high school.  Tr. 607.  Plaintiff has past relevant work experience as a manufacturer representative.  Tr. 25.

Plaintiff alleges disability during the relevant period due to fibromyalgia, arthritis, depression, "disc pain in [her] back," headaches, and anxiety.  Tr. 83-84.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 19-22.

3 - OPINION AND ORDER

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.
2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially
dispositive.

At Step One the claimant is not disabled if the Commissioner
determines the claimant is engaged in substantial gainful
activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v.*

*Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9ᵗʰ Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9ᵗʰ Cir. 2011)(citing *Fair v. Bowen,* 885

F.2d 597, 603 (9ᵗʰ Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work the claimant has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9ᵗʰ Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff did not engage in substantial gainful activity from her August 11, 2014, amended alleged onset date through her March 31, 2019, date last insured. Tr. 15.

At Step Two the ALJ found Plaintiff had the severe

impairments of fibromyalgia, osteoarthritis, gastrointestinal disorder/irritable bowel disorder, and degenerative disc disease. Tr. 15.  The ALJ found Plaintiff's rib fractures, headaches, costochondritis, and anxiety were not severe during the relevant period.  Tr. 16.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments during the relevant period did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 17.  The ALJ found during the relevant period that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff could] occasionally climb ladders, ropes, and scaffolds.  [Plaintiff could] frequently push/pull with the left, non-dominant upper extremity.  [Plaintiff could] tolerate occasional exposure to extreme cold, workplace vibration, and workplace hazards such as unprotected heights and exposed, moving machinery.

Tr. 18.

At Step Four the ALJ found Plaintiff could perform her past relevant work during the relevant period.  Tr. 25.  Accordingly, the ALJ concluded Plaintiff was not disabled from her August 11, 2014, amended alleged onset date through her March 31, 2019, date last insured.  *Id.*

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) partially

rejected Plaintiff's testimony; (2) failed to consider the lay-witness statement of Plaintiff's husband Lewis S.; (3) partially rejected the opinion of Gary McGuffin, Psy.D., examining psychologist; and (4) failed to include all of Plaintiff's limitations in Plaintiff's RFC.

**I.    The ALJ did not err when he partially rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he partially rejected Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is

not credible are insufficient.  *Id.*  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id.* (quoting *Lester*, 81 F.3d at 834).

Plaintiff testified at the hearing that during the relevant period she "was having trouble sitting and standing" and having problems with memory and concentration.  Tr. 52.  Plaintiff found driving and using stairs became "increasingly more difficult" during the relevant period.  Tr. 53.  Plaintiff testified she has costochondritis in her rib cage which causes her "sternum [to become] very achy and painful," and she has to sit in a recliner "anywhere from three to five hours" per day to take pressure off of her sternum.  Tr. 56.  Plaintiff noted her pain was "probably a little less" during the relevant period, but during the relevant time she had to recline "frequently."  *Id.*  Plaintiff testified she could stand unsupported for twenty minutes and sit for fifteen minutes during the relevant period.  Tr. 58-59. Plaintiff noted she had surgery on her left hand during the relevant period and, as a result, she has weakness in her hand. Plaintiff stated she can carry half a gallon of milk with one hand, but cannot carry five pounds of potatoes or a gallon of milk "across the kitchen."  Tr. 61.  Plaintiff testified she had two dogs during the relevant period, but she stopped taking them for "long [or] significant walks" in 2015 because she was afraid she was going to fall.  Tr. 64.  Plaintiff stated during the

relevant period she would "feel sad and upset that [she] [couldn't] do stuff [she] want[ed] to do.  And sometimes with the pain, [she] just [didn't] want to get out of bed."  Tr. 65.  In addition, Plaintiff began to experience problems doing complex tasks without written instructions.  Plaintiff testified she got anxious and overwhelmed during the relevant period when she had "a bunch of things to do."  Tr. 67.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record."  Tr. 19.  Specifically, the ALJ noted although Plaintiff reported using a cane for balance, the cane was not prescribed by an medical professional.  Tr. 21.  In addition, Plaintiff "presented with a cane only at a psychological evaluation and at the hearing."  Tr. 21.  Moreover, during the relevant period Plaintiff reported "no hip pain, no knee pain and no difficulty walking" and was found to have a "normal gait [and] . . . no gross limitations of lower extremities."  Tr. 703-4, 722-23, 732-33.  Plaintiff reported exercising "3 or more times per week," including walking.  Tr. 731.  The ALJ also noted Aaron Hoblet, M.D., performed surgery on Plaintiff's left hand in November 2018.  Two weeks after surgery Adam Short, PA-C,

11 - OPINION AND ORDER

treating physician's assistant, noted Plaintiff did not have any "significant lifting or . . . range of motion" limitations. Tr. 693.  On May 28, 2019, Dr. Hoblet completed a medical source statement in which he found Plaintiff was able to lift and to carry up to 15 pounds for eight-hours in an eight-hour work day and that Plaintiff did not have any limitations with reaching, handling, fingering, or feeling.  Tr. 560-61.

On January 15, 2019, Gregory Ha, M.D., treating physician, noted a March 5, 2018, MRI of Plaintiff's cervical spine "demonstrat[ed] multilevel disc degeneration, spondylosis, with impingement mainly at CS-6 within the foramen and somewhat centrally."  Tr. 690.  Dr. Ha noted Plaintiff experienced "no significant improvement in her axial neck pain" after undergoing facet injections, but Plaintiff reported her symptoms were "tolerable" and she declined a nerve conduction study.  Tr. 690.  Plaintiff, instead, underwent chiropractic treatment.  In June 2019 Plaintiff reported pain in her cervical spine at a level three out of ten, and pain in her upper back at a level two out of ten.  Tr. 787.

The Court concludes on this record that the ALJ did not err when he partially rejected Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

12 - OPINION AND ORDER

**II.  The ALJ erred when he failed to consider the lay-witness statement of Plaintiff's husband Lewis S., but the error is harmless**

Plaintiff alleges the ALJ erred when he failed to consider the lay-witness statement of Lewis S.

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006).  When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* at 1056.

On June 27, 2017, Lewis S. filled out a Third-Party Adult Function Report in which he noted Plaintiff "can only stand or sit for short periods . . . .  She needs to lay down to get

13 - OPINION AND ORDER

relief of pain in her ribs and legs."  Tr. 232.  Lewis S. noted
Plaintiff "tosses and turns from the pain [when she is trying to
sleep], and sometimes has to sit in her recliner because the pain
of lying down is too much."  Tr. 233.  Lewis S. stated Plaintiff
can make only "quick and easy meals" because she cannot stand for
long periods due to pain in her legs, but she can do laundry,
dusting, and light watering of plants.  Tr. 234.  Plaintiff is
able to pay bills, handle a savings account, use a checkbook, and
count change, and Plaintiff's ability to handle money has not
changed since her onset date.  Lewis S. noted Plaintiff reads,
texts, uses the computer, and uses Facebook daily; visits with
neighbors "some"; and goes to the grocery story with Lewis S.
"regularly."  Tr. 236.  Lewis S. stated Plaintiff can walk "10-15
minutes," pay attention "about 30-45 minutes," "need[s] to have
[instructions] written down," and "sometimes gets confused."
Tr. 237.  Lewis S. concluded Plaintiff's fibromyalgia has caused
her "to become angry - confused - depressed - anxiety -
frustrated at not being able to do the things she used to do with
ease."  Tr. 239.

        The ALJ failed to discuss Lewis S.'s Third-Party Function
Report, which Defendant concedes is error.  Lewis S.'s report,
however, is substantially similar to Plaintiff's testimony, and
the Court has already concluded the ALJ did not err when he
partially rejected Plaintiff's testimony because the ALJ provided

support for his opinion based on substantial evidence in the record.  The Court, therefore, concludes the ALJ's error was harmless because the Court concludes "no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  *Stout*, 454 F.3d at 1056.

## III. The ALJ erred when he partially rejected Dr. McGuffin's opinion.

Plaintiff asserts the ALJ erred when he partially rejected the opinion of Dr. McGuffin, examining psychologist.

"Because plaintiff filed her application[] after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence."  *Christopher W. v. Comm'r*, No. 6:20-CV-01632-JR, 2021 WL 4635801, at *6 (D. Or. Oct. 7, 2021).  "Under the [new] regulations, an ALJ 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]'"  *Id*. (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)).  "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by . . . agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence."  20 C.F.R. § 404.1513(a)(5).  In addition, the new regulations rescinded SSR 06-03p in which the SSA "explained how [it] considers opinions and other evidence from sources who are not acceptable

15 - OPINION AND ORDER

medical sources . . . .  The [new] rules revised [this] polic[y]
. . . .  For example, in claims filed on or after March 27, 2017,
the final rules state that all medical sources, not just
acceptable medical sources, can make evidence that [it]
categorize[s] and consider[s] as medical opinions."  Rescission
of Soc. Sec. Rulings 96-2p, 96-5p, & 06-3p, SSR 96-2P 2017 WL
3928298, at *1 (S.S.A. Mar. 27, 2017).

     "The ALJ must articulate and explain the persuasiveness of a
[medical] opinion or prior finding based on 'supportability' and
'consistency,' the two most important factors in the evaluation.
*Christopher W.*, 2021 WL 4635801, at *6 (quoting 20 C.F.R.
§§ 404.1520c(a), (b)(1)-(2)).  "The 'more relevant the objective
medical evidence and supporting explanations presented' and the
'more consistent' with evidence from other sources, the more
persuasive a medical opinion or prior finding."  *Id.* (quoting 20
C.F.R. § 404.1520c(c)(1)-(2)).

           The ALJ may, however, is not required, to explain
           how other factors were considered including the
           relationship with the claimant (length, purpose,
           and extent of treatment relationship; frequency of
           examination); whether there is an examining
           relationship; specialization; and other factors,
           such as familiarity with other evidence in the
           claim file or understanding of the Social Security
           disability program's policies and evidentiary
           requirements.

*Id.* (quoting 20 C.F.R. §§ 404.1520c(b)(2), (c)(3)-(5)).  *But see*
20 C.F.R. § 404.1520c(b)(3)(when an ALJ finds two or more
opinions about the same issue are equally supported and

consistent with the record but not exactly the same, the ALJ must articulate how these "other factors" were considered).

On May 31, 2019, Dr. McGuffin conducted a psychological evaluation of Plaintiff.  Dr. McGuffin administered a mental status examination, the Trail Making Test, and the MMPI-2. Dr. McGuffin noted Plaintiff's speech flow was "normal and straightforward with slowed cadence and normal volume," she had "good eye contact and responsive facial expression," her "thought content [was] congruent with mood and circumstance and preoccupied with somatic complaints," and her "thought process[es] [were] logical [and] relevant, . . . with some digressions when answering questions with emotional content." Tr. 778.  Plaintiff's remote memory was "adequate" and she was able to recall the last three presidents as well as her social security number.  Plaintiff's recent memory, however, was "somewhat faulty" and she was able to recall only two out of three objects that had been presented to her five minutes earlier.  Plaintiff was able to calculate all of the serial sevens beginning with 100, to add four numbers correctly, to spell "world" forward and backward, and to multiply "2x24=48, 2x48=96, and 2x196=392." Tr. 778.  Dr. McGuffin stated Plaintiff "has limited concentration and poor persistency due to intrusive thoughts concerning the decline of physical well-being. . . . She is easily distracted and to some extent 'scattered' at times,

17 - OPINION AND ORDER

especially if enduring a sudden increase in pain.  She can
intermittently maintain pace, but then requires prompting,
redirection, and reassurance." Tr. 779.  Dr. McGuffin noted
Plaintiff's scores on the Trail Making Test indicate Plaintiff
"has difficulty dealing with more than one stimulus at a time and
holding information in order to maintain a flexible mental
orientation.  Particular difficulties develop when she is
attempting to perform tasks requiring divided attention [or]
'multitasking.'" Tr. 780.  Dr. McGuffin stated the results of
the MMPI-2 indicate Plaintiff

> endorsed test items accurately with no indication
> of impression management . . . being too positive
> or too negative with self description.  This lends
> credence to the accuracy of her self-report.
> Testing also shows the difficulty [Plaintiff] has
> had understanding the psychological components as
> they relate to all her physical limitations.
>
> Also, her test information refers to the history
> of both depression (over four standard deviations
> above the norm) and anxiety (over two standard
> deviation above the norm) and shows that her test
> results and her self-report are quite consistent
> with each other.

Tr. 782.

The ALJ found Dr. McGuffin's opinion to be "not persuasive."
Tr. 24.  The ALJ noted "as a psychologist, [Plaintiff's] physical
impairments are outside Dr. McGuffin's area of expertise."
Tr. 24.  Dr McGuffin, however, did not rest his opinion or
findings on Plaintiff's physical impairments.  As noted,
Dr. McGuffin administered a number of psychological tests and

18 - OPINION AND ORDER

reached conclusions as to Plaintiff's mental impairments based on those tests.  The ALJ also noted reviewing psychiatrists Irmgard Friedburg, Ph.D., and Winifred Ju, Ph.D., found Plaintiff did not have any limitations in her ability to understand, to remember, or to apply information and only mild limitations in her ability to interact with others and to concentrate, to persist, or to maintain pace.  Tr. 89, 105.  Drs. Ju and Friedburg, however, offered those opinions in August and November 2017 and, therefore, did not have the opportunity to review Dr. McGuffin's testing and opinion.  In addition, neither Dr. Ju nor Dr. Friedburg completed a Mental Residual Functional Capacity form or assessment.  Finally, the record does not contain any psychological evaluation conducted by an examining or treating mental-health professional that contradicts Dr. McGuffin's opinion.

On this record the Court concludes the ALJ erred when he partially rejected Dr. McGuffin's opinion because the ALJ did not provide clear and convincing reasons for doing so based on substantial evidence in the record.

**IV.  The ALJ erred when he failed to include all of Plaintiff's limitations in Plaintiff's RFC.**

Plaintiff asserts the ALJ erred when he failed to include in his assessment of Plaintiff's RFC all of Plaintiff's limitations set out in Plaintiff's testimony, the statement of Lewis S., and in the opinion of Dr. McGuffin.

19 - OPINION AND ORDER

The Court has already concluded the ALJ erred when he partially rejected Dr. McGuffin's opinion.  Thus, the Court also concludes ALJ erred when he failed to include Plaintiff's limitations as set out by Dr. McGuffin in his assessment of Plaintiff's RFC.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *See, e.g.*, *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012).  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  The Ninth Circuit has established a three-part test for determining when evidence should be credited and an immediate award of benefits directed.  *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).  The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if

20 - OPINION AND ORDER

the case were remanded for further proceedings.  *See, e.g.,*
*Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

Here further administrative proceedings are necessary for
the ALJ to formulate an assessment of Plaintiff's RFC that
includes Plaintiff's limitations as set out by Dr. McGuffin and
to determine whether Plaintiff was disabled during the relevant
period.  Accordingly, the Court remands this matter to the
Commissioner for further administrative proceedings.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the
Commissioner and **REMANDS** this matter pursuant to sentence four of
28 U.S.C. § 405(g) for further proceedings consistent with this
Opinion and Order.

IT IS SO ORDERED.

DATED this 2nd day of March, 2022.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

21 - OPINION AND ORDER