IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DORIS D.,[1]                                    6:20-cv-01327-BR

           Plaintiff,                    OPINION AND ORDER

v.

**Commissioner, Social
Security Administration,**

           Defendant.

**ARI D. HALPERN**
Halpern Law Group, PC
62910 OB Riley Rd
Suite 100
Bend, OR 97703
(541) 388-8410

           Attorneys for Plaintiff

**SCOTT ASPHAUG**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

    [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.

1 - OPINION AND ORDER

**WILLY LE**
Acting Regional Chief Counsel
**LARS J. NELSON**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3717

       Attorneys for Defendant

**BROWN, Senior Judge.**

      This matter comes before the Court on Plaintiff's Motion (#24) for Award of Fees Pursuant to the Equal Access to Justice Act (EAJA) in which she seeks an award of attorney fees and costs pursuant to 28 U.S.C. § 2412.

      For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Plaintiff's request for EAJA fees and costs and **AWARDS** attorney fees in the amount of $13,470.03 and costs in the amount of $400.

## ADMINISTRATIVE HISTORY

      Plaintiff filed an application for Disability Insurance Benefits (DIB) on August 18, 2017.  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on July 15, 2019.  The ALJ issued a decision on July 25, 2019, in which he found Plaintiff is not entitled to benefits.  That decision became the final decision of the Commissioner on June 10, 2020, when the Appeals Council denied

2 - OPINION AND ORDER

Plaintiff's request for review.

Plaintiff appealed the decision of the Commissioner to this Court.  This Court reviewed the Commissioner's denial of benefits, and, after reviewing the record, the Court issued its Opinion and Order on March 2, 2022, reversing the decision of the Commissioner and remanding the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

On May 17, 2022, Plaintiff filed this Motion for EAJA Fees. Plaintiff seeks an award of attorney fees in the amount of $14,833.03[1] and costs in the amount of $400.


### STANDARDS

### I.   Award of Attorneys' Fees Under EAJA

Under EAJA the Court may award attorney fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States when (1) the plaintiff is the prevailing party, (2) the Commissioner has not met her burden to show that her positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorney fees and costs are reasonable.  28 U.S.C. § 2412(d)(1)(A).  *See also Perez-*

---

[1]In her Motion Plaintiff sought attorney fees in the amount of $13,637.23.  In her Reply, however, Plaintiff reduced her request to $13,470.03 and requested an enhancement of $1,363.00 for a total award of $14,833.03.

*Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001) (internal citation omitted).

A prevailing plaintiff is not entitled to attorney fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's positions are substantially justified when they are reasonably based both in law and in fact. *Id.* (citing *Pierce v. Underwood*, 487 US. 552, 566 n.2 (1988)). The Commissioner's failure to prevail on the merits of her positions does not raise a presumption of unreasonableness. *United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

When the Commissioner opposes a claimant's fee request, she bears the burden to establish that her positions at each stage of the proceeding were "substantially justified." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). *See also United States v. Real Property at 2659 Roundhill Drive, Alamo, Cal.*, 283 F.3d

1146, 1151 (9th Cir. 2002).  To prevail, therefore, the Commissioner must establish the positions taken by the Commissioner in opposition to the claimant's efforts to obtain Social Security benefits in both the proceedings before this Court and the underlying administrative action were substantially justified.  *See Lewis*, 281 F.3d at 1085-86.

The Commissioner's position "'must be justified in substance or in the main,' - that is, justified to a degree that could satisfy a reasonable person." *Gonzales*, 408 F.3d at 618 (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).  "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Gonzales,* 408 F.3d at 618 (quoting *League of Women Voters of Cal. v. FCC,* 798 F.2d 1255, 1257 (9th Cir. 1986)).

## II.  Calculating Attorney Fees

EAJA caps the hourly rate for attorney fees at $125.00, but the statute allows the Court to make adjustments for cost of living or other appropriate "special factor[s]."  28 U.S.C. § 2412(d)(2)(A).  "[U]nder EAJA; *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); and Ninth Circuit Rule 39-1.6; the statutory maximum hourly rates under EAJA, with cost of living adjustments" are $207.78 for work performed in 2020 and $217.54 for work performed in 2021 and 2022.  *K.E.B. v. Saul*, 497 F. Supp. 3d 855, 867 (C.D. Cal. 2020).  *See also* https://www.ca9.

5 - OPINION AND ORDER

uscourts.gov/content/view.php?pk_id=0000000039 (last accessed June 21, 2022).

The court may reduce an award of attorneys' fees under EAJA when the plaintiff's requested fees are unreasonable. *Costa v. Comm'r,* 690 F.3d 1132, 1135 (9th Cir. 2012)(citing 28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(A)). The court applies the "lodestar" method set out in *Hensley v. Eckerhart* to determine whether a fee award is reasonable. *Id.* (citing 461 U.S. 424, 433 (1983)). *See also Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990)("[T]he district court's task of determining what fee is reasonable [under EAJA] is essentially the same as that described in *Hensley*.").

To calculate the "lodestar" amount the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Costa*, 690 F.3d at 1135 (quoting *Hensley*, 461 U.S. at 433). To calculate the number of hours reasonably expended the court considers "whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Hensley*, 461 U.S. at 433.

A court may not apply *de facto* caps on the number of hours for which an attorney can be compensated under EAJA. *Costa*, 690 F.3d at 1136. Cases must be considered on an individualized basis. *Id.* In order to reduce the number of hours requested for a particular task, a court must explain why the amount of time

requested is too high and provide specific reasons for making
significant reductions.  *Id.* at 1136-37.

### DISCUSSION

As noted, Plaintiff seeks attorney fees in the amount of
$14,833.03.  Defendant does not dispute that Plaintiff is a
prevailing party or assert that there are any special
circumstances that would make an award of attorney fees "unjust."
Defendant, however, opposes Plaintiff's Motion on the grounds
that (1) Defendant's positions with respect to the opinion of
Gary McGuffin, Psy.D., and the limitations included in
Plaintiff's RFC were substantially justified and (2) the amount
of Plaintiff's requested fee award is unreasonable.  Defendant
does not oppose Plaintiff's request for costs in the amount of
$400.

## I.   Defendant's positions were not substantially justified.

In its March 2, 2022, Opinion and Order the Court concluded
the ALJ erred when he found Dr. McGuffin's opinion to be not
persuasive.  Specifically, the ALJ asserted "as a psychologist,
[Plaintiff's] physical impairments are outside Dr. McGuffin's
area of expertise."  Tr. 24.  The Court, however, noted
Dr. McGuffin did not rest his opinion or findings on Plaintiff's
physical impairments.  Rather Dr. McGuffin administered a number
of psychological tests and reached conclusions as to Plaintiff's

mental impairments based on those tests.  The Court also noted
reviewing psychiatrists Irmgard Friedburg, Ph.D., and Winifred
Ju, Ph.D., offered their opinions in August and November 2017
and, therefore, did not have the opportunity to review
Dr. McGuffin's testing and opinion; neither Dr. Ju nor
Dr. Friedburg completed a Mental Residual Functional Capacity
form or assessment; and the record did not contain any
psychological evaluation conducted by an examining or treating
mental-health professional that contradicted Dr. McGuffin's
opinion.  Accordingly, the Court concluded the ALJ did not
provide clear and convincing reasons supported by substantial
evidence in the record for partially rejecting Dr. McGuffin's
opinion.  As a result, the Court also concluded the ALJ erred
when he failed to include in Plaintiff's RFC the limitations set
out by Dr. McGuffin.

The Ninth Circuit has held when the ALJ's decision is
"unsupported by substantial evidence [it] is . . . a strong
indication that the 'position of the United States . . . was not
substantially justified.'" *Meier v. Colvin*, 727 F.3d 867, 872
(9th Cir. 2013)(quoting *Thangaraja*, 428 F.3d at 874).  "[I]t will
be only a decidedly unusual case in which there is substantial
justification under . . . EAJA [when] the agency's decision was
reversed as lacking in reasonable, substantial and probative
evidence in the record."  *Thangaraja*, 428 F.3d at 874 (quotation

omitted).

Here the lack of support for the ALJ's reasoning is a
"strong indication" that the ALJ's position was not substantially
justified. *Meier*, 727 F.3d at 873.  Defendant does not offer any
reason that this is a "decidedly unusual case" in which the ALJ's
decision lacked substantial evidence to support it, but it was
nevertheless substantially justified.  The Commissioner contends
the government's position had a reasonable basis in fact because
there is some evidence in the record that supported it.  "[T]he
Ninth Circuit[, however,] has rejected a 'some evidence' standard
when determining whether the government's position was
substantially justified."  *Cosio v. Berryhill*, No. 3:17-CV-
05128-TLF, 2018 WL 1757136, at *1 (W.D. Wash. Apr. 11, 2018)
(citing *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995)
(holding the government was not substantially justified in
defending ALJ's unexplained rejection of significant probative
evidence)).

The Court, therefore, concludes on this record that the
Commissioner's position was not substantially justified because
it lacked a reasonable basis in law and fact.

## II.  Reasonableness of Attorney Fees Requested

Plaintiff seeks attorney fees for 6.7 hours expended by
attorney Ari Halpern at the statutory rates of $207.78 per hour
for 2020 and $217.54 per hour for 2021 and 2022 and 55.25 hours

expended by attorney Tim Wilborn at the statutory rates of
$207.78 and $217.54 per hour as well as an "enhancement" of
$1,363 for the "exceptional success" counsel obtained in this
matter for a total of $14,833.03.

## A.    Base Fee Amount

Defendant asserts the requested base attorney fees of
$13,470.03 are excessive because the record in this matter was
873 pages; the case involved routine issues; Wilborn is a very
experienced attorney, and, therefore, he should be able to review
an average transcript and to draft an opening brief in less than
31 hours; and Plaintiff obtained limited relief.  Accordingly,
Defendant requests the Court reduce the requested attorney fees
by $3,818.81.  Defendant relies on *Kelly v. Comm'r*, 1:15-cv-
00762-MA, 2016 WL 4941996 (D. Or. Sept. 15, 2016) to support her
position.  In *Kelly* Judge Malcolm Marsh reviewed

> a number of social security disability cases in
> the previous three years that have been resolved
> with a stipulated remand after the opening brief
> was filed[.]  [The review] shows that I have
> awarded EAJA fees for . . . the time spent
> preparing an opening brief ranging from 7 hours to
> 25.75 hours, and the time spent reviewing the
> administrative record ranging from 8 hours to 14.6
> hours.

*Kelly*, 2016 WL 4941996, at *2.

This case, unlike *Kelly*, was not resolved with a
stipulated remand after Plaintiff filed her opening brief.
Rather the parties fully litigated this matter through an Opinion

10 - OPINION AND ORDER

and Order and Judgment entered by the Court.  In addition,
Wilborn spent nine hours reviewing the administrative record,
which is well within the range of eight to fourteen hours noted
in *Kelly*.  Wilborn spent 20 hours preparing Plaintiff's Opening
Brief, which is also within the range identified in *Kelly*.
Accordingly, to the extent *Kelly* is applicable, it does not
indicate Plaintiff's requested fees are unreasonable.  In
addition, this Court and other judges in this District have held
in cases more similar to this case that either the same number or
more hours than Wilborn spend reviewing the record and drafting
an opening brief were reasonable.  *See, e.g., Parrish v. Comm'r*,
No. 1:16-CV-02246-BR, 2018 WL 1402584, at *3 (D. Or. Mar. 20,
2018)(finding 24 hours is a reasonable amount of time to review a
900-page record and 20 hours is a reasonable amount of time to
draft an opening brief); *Kenneth A. v. Berryhill*, No. 3:17-cv-
01575-JR, 2019 WL 377613, at *5 (D. Or. Jan. 30, 2019)(finding
11.9 hours is a reasonable amount of time to review a 589-page
record and 30.8 hours is a reasonable amount of time to draft an
opening brief with "only three routine issues.").

        The Court concludes on this record that the amount of
time expended by counsel in this matter is not unreasonable and
the based amount of requested attorney fees is not excessive.

**B.    Fee Enhancement**

        As noted, Plaintiff's counsel also seeks an attorney

fee "enhancement" of $1,363 for the "exceptional success" counsel
obtained in this matter.  In *Hensley* the Supreme Court stated:
"Whe[n] a plaintiff has obtained excellent results, his attorney
should recover a fully compensatory fee.  Normally this will
encompass all hours reasonably expended on the litigation, and
indeed in some cases of exceptional success an enhanced award may
be justified."  461 U.S. at 435.

       Although Plaintiff in this case achieved success in
that this Court remanded the matter for further proceedings,
Plaintiff did not achieve exceptional success.  Plaintiff raised
four grounds on which she alleged the ALJ erred, but she was not
successful on all of those grounds.  In addition, Plaintiff did
not achieve a remand for immediate payment of benefits or
establish a novel or particularly difficult legal precedent.

       On this record, therefore, the Court concludes
Plaintiff has not established she achieved the kind of
exceptional success that indicates an enhanced award of attorney
fees is warranted.  Accordingly, the Court denies Plaintiff's
request for a fee enhancement of $1,363.

    In summary, the Court awards Plaintiff attorney fees in the
amount of $13,470.03 and costs in the amount of $400.

### CONCLUSION

    For these reasons, the Court **GRANTS in part** and **DENIES in**

**part** Plaintiff's Motion (#24) for Award of Fees Pursuant to the Equal Access to Justice Act and **AWARDS** Plaintiff attorney fees in the amount of **$13,470.03** and costs in the amount of **$400.**

IT IS SO ORDERED.

DATED this 22nd day of June, 2022.

_____
ANNA J. BROWN
United States Senior District Judge

13 - OPINION AND ORDER